# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| GIDGET SIMPSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 17 C 3480 |
| | ) |
| OCWEN MORTGAGE SERVICING, INC. | ) |
| and OCWEN LOAN SERVICING, LLC, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM ORDER

On July 1, 2017 codefendants Ocwen Mortgage Servicing, Inc. ("Mortgage Servicing") and Ocwen Loan Servicing, LLC ("Loan Servicing") filed a motion and supporting memorandum (the "Memorandum," Dkt. No. 18), seeking to dismiss the four-count Complaint brought against them by Gidget Simpson ("Simpson") predicated on telephone calls assertedly barred by the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq. Instead of responding to that motion, Simpson's counsel filed a First Amended Complaint ("FAC," Dkt. No. 21) on July 19, targeting only Loan Servicing as a defendant. This memorandum order is prompted by the FAC, both because it calls for the denial of the initial motion on mootness grounds and because it seems appropriate to identify some respects in which the FAC's allegations either do or do not appear to address issues raised by that initial motion.

First, of course, the elimination of Mortgage Servicing as a defendant in the FAC plainly eliminates this objection summarized at page 2 of the Memorandum:

> Fifth, Plaintiff generically claims that "Defendants" engaged in the alleged unlawful conduct without indicating which Defendant is the responsible party.

> Plaintiff's "group pleading" strategy is insufficient under Rule 8 of the Federal Rules of Civil Procedure.

Hence the supporting argument in Section II.A of the Memorandum at its pages 9 and 10 is also rendered irrelevant.

By contrast, Sections I.A and B of the Memorandum at its pages 4 through 9, asserting the claimed inapplicability of a statute of limitations defense based on <u>American Pipe & Constr. Co. v. State of Utah</u>, 414 U.S. 538 (1974) and <u>Crown Cork & Seal Co. v. Parker</u>, 462 U.S. 345 (1983), may or may not remain applicable under the FAC. This Court will leave it to defense counsel to choose whether a new motion to dismiss or an answer to the FAC is the better course, and counsel are granted until August 22, 2017 to file Loan Servicing's responsive pleading. Further proceedings in the case will be ordered when that responsive pleading has been filed.

                                                      _____
                                                      Milton I. Shadur
                                                      Senior United States District Judge

Date: August 1, 2017