**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| TODD BURNETT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 17 C 3474 |
| | ) | Hon. Marvin E. Aspen |
| OCWEN LOAN SERVICING, LLC, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| JOHNNY D. HUNT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 17 C 3476 |
| | ) | Hon. Jorge L. Alonso |
| OCWEN LOAN SERVICING, LLC, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| BENJAMIN LEWIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 17 C 3478 |
| | ) | Hon. John Z. Lee |
| OCWEN LOAN SERVICING, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

| | | |
|---|---|---|
| GIDGET SIMPSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 17 C 3480 |
| | ) | Hon. Amy J. St. Eve |
| OCWEN LOAN SERVICING, LLC, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| SAUL VERDIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 17 C 3482 |
| | ) | Hon. Jeffrey T. Gilbert |
| OCWEN LOAN SERVICING, LLC, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| GERARD A. WALSH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 17 C 3483 |
| | ) | Hon. John J. Tharp, Jr. |
| OCWEN LOAN SERVICING, LLC, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| DERRICK WATTS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 17 C 3484 |
| | ) | Hon. Maria Valdez |
| OCWEN LOAN SERVICING, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

MARVIN E. ASPEN, District Judge:

Presently before us is Defendant's motion to stay the proceedings in the above cases we have consolidated for pretrial purposes. (Def. Mot. (No. 17 C 3474, Dkt. No. 15) at 1.) The motion[1] seeks to stay the proceedings in these cases until the D.C. Circuit issues its ruling in *ACA International v. Federal Communications Commission*, No. 15–1211 (D.C. Cir., argued Oct. 19, 2016) ("*ACA International*"). Plaintiffs filed a response in opposition to Defendants' motion to stay, and Defendant Ocwen Loan Servicing ("OLS") filed a reply. (No. 17 C 3474, Dkt. Nos. 22, 31.) For the reasons stated below, we grant Defendant's motions to stay and vacate the previous rulings denying the motions to stay in *Lewis*, *Verdin*, and *Walsh*. The parties are hereby directed to promptly notify us after the D.C. Circuit has issued its ruling in *ACA International*, and shall file briefs within 21 days of the decision addressing the impact of the ruling on the claims in these cases.

**BACKGROUND**

Defendant argues we should stay the claims in the consolidated cases against OLS because the D.C. Circuit's ruling will be "dispositive" of Plaintiffs' Telephone Consumer Protection Act ("TCPA") claims. (Def. Mot. at 2.) Namely, Defendant argues *ACA International* will address three of petitioners' arguments that are relevant to the cases before us: (1) the definition of an automatic telephone dialing system ("ATDS") under the TCPA,

---

[1] The relevant issues in the seven cases are largely identical and the briefs on the motions to stay are effectively the same, although the parties did not file responses and replies in all of the individual cases. We accordingly find it unnecessary to require consolidated briefing on the present motion to stay, as previously requested by the parties. (Dkt. Nos. 34 at 3, 38 at 3.) For simplicity, in this order we refer to the motion, response, reply, and complaint filed in *Burnett*, No. 17 C 3474, the earliest filed case.

(2) formation of "prior express consent" with reassigned numbers, and (3) procedures for revocation of consent. (*Id.* at 1–2); *see also* 30 F.C.C.R. 7961, 7971–78, 7989–8012 (July 10, 2015); Joint Brief for Petitioners, *ACA International*, No. 15-1211, Dkt. No. 1585568 at 4.

*ACA International* concerns an appeal of the Federal Communication Commission's ("FCC") July 10, 2015 Declaratory Ruling interpreting the TCPA. 30 F.C.C.R. 7961 (July 10, 2015). The D.C. Circuit heard arguments on October 19, 2016 in a consolidated challenge by nine companies who sought judicial review of the Declaratory Ruling pursuant to 5 U.S.C. § 500 *et seq.* (the Administrative Procedure Act), 28 U.S.C. §§ 2342–44, and 47 U.S.C. § 402. *See Ankcorn v. Kohl's Corp.*, No. 15 C 1303, 2017 WL 395707, at *2 (N.D. Ill. Jan. 30, 2017) (summarizing the procedural history of *ACA International*).

Before we consolidated the captioned seven cases, Defendant filed substantially identical motions to stay the cases individually, four of which the originally assigned judges either granted or denied. *Lewis*, No. 17 C 3478 (Dkt. No. 25) (denying motion to stay); *Simpson*, No. 17 C 3480 (Dkt. No. 19) (granting motion to stay); *Verdin*, No. 17 C 3482 (Dkt. No. 19) (denying motion to stay); *Walsh*, No. 17 C 3483 (Dkt. No. 20) (denying motion to stay). To allow for the seven cases to proceed on the same calendar, we now issue a consolidated ruling on the seven motions to stay and vacate the previous rulings denying the motions to stay in *Lewis*, *Verdin*, and *Walsh*.

**LEGAL STANDARD**

The Supreme Court has repeatedly held that "courts have inherent power to stay proceedings and 'to control the disposition of the causes on its docket with economy of time and

effort for itself, for counsel, and for litigants.'" *Stone v. I.N.S.*, 514 U.S. 386, 411, 115 S. Ct. 1537, 1552 (1995) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254, 57 S. Ct. 163, 166 (1936)). Orders staying proceedings must both be "[]moderate" and within "reasonable limits." *Landis*, 299 U.S. at 257, 57 S. Ct. at 167. In evaluating a motion to stay, courts consider whether the stay will: (1) "unduly prejudice or tactically disadvantage the non-moving party," (2) "simplify the issues in question and streamline the trial," and (3) "reduce the burden of litigation on the parties and on the court." *Genzyme Corp. v. Cobrek Pharm., Inc.*, No. 10 CV 00112, 2011 WL 686807, at *1 (N.D. Ill. Feb. 17, 2011); *Tap Pharm. Prods., Inc. v. Atrix Labs., Inc.*, No. 03 C 7822, 2004 WL 422697, at *1 (N.D. Ill. Mar. 3, 2004). "The proponent of a stay bears the burden of establishing its need." *Clinton v. Jones*, 520 U.S. 681, 708, 117 S. Ct. 1636, 1651 (1997).

## ANALYSIS

### I. Plaintiff's Request for Judicial Notice

As a preliminary matter, we first consider Plaintiff's request that we take judicial notice of the documents attached as Exhibits A and B to Plaintiff Burnett's response in opposition of the motion to stay. (Dkt. Nos. 22–2, 22–3, 22–4.) Exhibits A and B include minute entries in two cases, *Verdin*, No. 17 C 3482, a case consolidated before us, and *Prouty v. Ocwen Loan Servicing, LLC*, No. 17 C 1106 (D. Co.). (Dkt. Nos. 22–3, 22–4.) Federal Rule of Evidence 201 allows a court to take judicial notice of any fact that is "not subject to reasonable dispute" because it is generally known in the court's jurisdiction or "can be accurately and readily determined from sources whose accuracy cannot be reasonably questioned." Fed. R. Evid. 201(b). Judicial notice of these documents is proper because the entries' existence

is not in dispute and their accuracy can be easily confirmed by examining the court's docket. *Stern v. Great W. Bank*, 959 F. Supp. 478, 481 (N.D. Ill. 1997) (taking judicial notice of the court record of a related proceeding); *Cagan v. Intervest Midwest Real Estate Corp.*, 774 F. Supp. 1089, 1093 (N.D. Ill. 1991) (finding judicial notice of a court order in another case proper). Further, Defendant has not expressed any challenge to the authenticity of these entries. However, we take judicial notice only for the limited purpose of recognizing the existence of these docket entries. *See Montegna v. Ocwen Loan Servicing, LLC*, No. 17 C 939 AJB BLM, 2017 WL 4680168, at *3 (S.D. Cal. Oct. 18, 2017) (taking limited notice of *Verdin* document in similar proceeding against OLS).

## II. Motion to Stay

We now turn to Defendant's motion to stay the proceedings in the seven cases at issue. Defendant suggests the interpretation of the issues before the D.C. Circuit in *ACA International* will be determinative of the claims in these cases, and that the outcome of *ACA International* could "narrow" or "extinguish" plaintiffs' claims. (Def. Mot. at 5–6.) Defendant thus argues a stay in these cases will allow the court to avoid inconsistent rulings and potentially irrelevant discovery without prejudice to plaintiffs. (*Id.* at 6–8).

We agree that the ruling in *ACA International* will both simplify legal issues in these cases and reduce the burden of litigation on the parties and the court. *Genzyme*, 2011 WL 686807, at *1; *Tap Pharm. Prods.*, 2004 WL 422697, at *1. To successfully prove their claims under the TCPA, Plaintiffs must demonstrate that OLS called each Plaintiff with an ATDS or a prerecorded voice without express prior consent. 47 U.S.C. § 227. The D.C. Circuit's ruling will thus provide guidance on determinative issues in Plaintiffs' TCPA claims,

6

including what devices qualify as an ATDS under the statute and how consent can be revoked, issues that decide OLS's liability. The D.C. Circuit may indeed vacate the FCC's Declaratory Ruling, which would transform the elements that must be proven under the TCPA, in effect clarifying the legal issues involved in pretrial motions and shaping the focus of discovery. *Ankcorn v. Kohl's Corp.*, No. 15 CV 1303, 2017 WL 395707, at *3 (N.D. Ill. Jan. 30, 2017) (staying cases with TCPA claims until the *ACA International* ruling because the D.C. Circuit may vacate the FCC's Declaratory Ruling); *see also CE Design, Ltd. v. Prism Bus. Media, Inc.*, 606 F.3d 443, 446 (7th Cir. 2010) (explaining the broad powers of federal courts of appeals "to enjoin, set aside, suspend (in whole or in part), or to determine the validity of" all final FCC orders). Accordingly, staying these proceedings until *ACA International* is decided will preserve resources of the court and the parties by avoiding rulings and discovery rendered irrelevant by the D.C. Circuit's ruling. *Abdallah v. FedEx Corp. Servs., Inc.*, No. 16 C 03967, 2017 WL 3669040, at **1–2 (N.D. Ill. Mar. 20, 2017) (staying TCPA case pending *ACA International* because the D.C. Circuit's interpretation of an ATDS will require discovery requests be "reprised or at least reevaluated").

Despite these advantages of efficiency and clarification, we may not stay proceedings if the stay would cause undue prejudice to the non-moving party. *Genzyme*, 2011 WL 686807, at *1. Significantly, a stay in this case will not deprive Plaintiffs of needed relief from the alleged unlawful calls because Plaintiffs do not allege the calls are presently ongoing. (Am. Compl. (No. 17 C 3474, Dkt. No. 22) at 6); *Ankcorn*, 2017 WL 395707, at *4 (finding no risk of continuing harm to plaintiff from a stay pending *ACA International* because plaintiff no longer received calls). Plaintiffs argue a delay would prejudice plaintiffs in

discovery because witnesses will forget relevant observations and documents may be misplaced or destroyed.  (Pl. Resp. (Dkt. No. 22) at 4–8.)  However, this type of prejudice is "inherent in any stay" and does not justify denial of a motion to stay.  *Ankcorn*, 2017 WL 395707, at *4 (citing *VirtualAgility Inc. v. Salesforce.com, Inc*., 759 F.3d 1307, 1319 (Fed. Cir. 2014) ("It is undoubtedly true, as many courts have observed, that with age and the passage of time, memories may fade and witnesses may become unavailable.  Without more, however, these assertions here are not sufficient to justify a conclusion of undue prejudice.").  Furthermore, Defendant indicates it has been retaining relevant records since the service of the Complaint (Def. Reply (Dkt. No. 31) at 6), and Plaintiffs do not explain why their own phone records could not be recovered absent court-ordered discovery.  (Pl. Resp. 5–6.)  We accordingly find any difficulty Plaintiffs may encounter as a result of a stay does not rise to the level of undue prejudice rendering a stay improper.

Plaintiff also argues the stay would be "indefinite and potentially lengthy."  (*Id.* at 4–5); *see Franklin v. Ocwen Loan Servicing, LLC*, No. 17 CV 02702 JST, 2017 WL 4922380, at *4 (N.D. Cal. Oct. 31, 2017) (declining to find the decision in *ACA International* imminent because the case has been fully briefed and argued for over a year without an opinion).  While the oral arguments in *ACA International* were held more than a year ago, we do not find the unknown date of a ruling renders a stay outside definite limits.  Furthermore, the stay will not be limitless during potential appeals: as Defendant requests, the stay will end once the D.C. Circuit has issued its opinion.  (Def. Mot. at 1.)  The parties can address any pending appeals of the D.C. Circuit's opinion in their briefs after the ruling.  We accordingly find a stay appropriate in these proceedings.

## CONCLUSION

For the aforementioned reasons, we grant Defendant's motion to stay proceedings in the seven consolidated cases and vacate the previous rulings denying the motions to stay in *Lewis*, *Verdin*, and *Walsh*. The parties shall file briefs within 21 days of the *ACA International* decision addressing the impact of the D.C. Circuit's ruling on the proceedings in this case. It is so ordered.

                                                                       _____
                                                                       Marvin E. Aspen
                                                                       United States District Judge

Dated: November 8, 2017
        Chicago, Illinois